IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-836-FL

| | | |
|---|---|---|
| SHAWN GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHEX SYSTEMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 5). Plaintiff did not respond within the time period allotted by Local Civil Rule 7.1(e), and the matter is ripe for ruling. For the reasons stated below, the court grants defendant's motion.

**BACKGROUND**

According to the notice of removal, plaintiff commenced this action against defendant in the General Court of Justice, District Court Division – Small Claims for Wake County, North Carolina. (DE 1, p. 1; see DE 1-2, p. 3). Plaintiff's filing consisted of a "complaint for money owed" form in which plaintiff identified defendant and claimed an amount of $10,000. (DE 1-2, p. 3).[1] The form includes a "check the box" section where plaintiff is asked to provide the reason why he believes defendant owes him this amount, with one box marked "Other." (Id.). Underneath that box, plaintiff wrote "1692g Failure [illegible] send 30 day validation notice within five days of initial communication." (Id.). Defendant removed the action to this court on December 9, 2013, pursuant

---

[1] The form itself does not actually state the county in North Carolina where the complaint was filed.

to 28 U.S.C. §§ 1331 and 1441, asserting that the complaint raised a federal question because it "appears to reference 15 U.S.C. § 1629g." (DE 1, p. 2).

Defendant filed the instant motion to dismiss on December 16, 2013. That same day, the Clerk of Court issued a Rule 12 letter to plaintiff, explaining that, if plaintiff failed to respond within twenty-one (21) days, "the court may grant the motion and your case could be dismissed." (DE 7). Plaintiff has not responded or made any other filings since this case was removed.

## DISCUSSION

A.      Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S.

89, 94 (2007). Such *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Id. Yet, "the special judicial solicitude with which a district court should view such *pro se* complaints does not transform the court into an advocate." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir.1990). "Thus, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [his or] her claim.'" Henderson v. Town of Hope Mills, No. 5:13-CV-635-FL, 2013 WL 5954816, at *4 (E.D.N.C. Nov. 6, 2013) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)). Furthermore, despite expansive consideration of *pro se* pleadings, the court "cannot be expected to construct full blown claims from sentence fragments." Williams v. Ozmint, 716 F.3d 801, 810-11 (4th Cir. 2013).

B. Analysis

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), seeks to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action. . . ." 15 U.S.C. § 1692(e). Section 1692g of the FDCPA requires a debt collector to provide a validation notice informing the consumer of his or her right to dispute the validity of the debt. 15 U.S.C. § 1692g; see also United States v. Nat'l Financial Servs., Inc., 98 F.3d 131, 139 (4th Cir. 1996). Specifically, this section provides that

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
> . . . .
> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. . . .

15 U.S.C. 1692g(a).

3

The language in plaintiff's complaint, "1692g Failure [illegible] send 30 day validation notice within five days of initial communication," appears to make a partial citation to 15 U.S.C. § 1692g and echoes the language of that statute. Thus, the court liberally construes his claim to rest upon the FDCPA. See Erickson 551 U.S. at 594 (requiring courts to construe *pro se* pleadings liberally).

To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a "debt collector" as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. Joy v. MERSCORP, Inc., 935 F. Supp. 2d 848, 857 (E.D.N.C. 2013); Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

The FDCPA does not define the phrase "consumer debt," but both "consumer" and "debt" are defined. A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A "debt" is an obligation "to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692g(a)(5); Johnson, 867 F. Supp. 2d at 776-77. A "debt collector" is generally defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 377 (4th Cir. 2006) (quoting 15 U.S.C. § 1692(a)(6)).

Plaintiff's complaint fails to allege facts by which the court could ascertain whether any of these definitions are satisfied. Plaintiff does not expressly allege that he incurred a debt at all, much

4

less one that meets the statute's definition. Nor does the complaint allege any facts to show that defendant is a "debt collector." Plaintiff therefore has not alleged facts sufficient to state the first two elements of a claim under the FDCPA. Joy, 935 F. Supp. 2d at 857; Horvath v. Bank of N.Y., N.A., No. 1:09-CV-1129, 2010 WL 538039, at *3 (E.D. Va. Jan. 29, 2010), aff'd, 641 F.3d 617 (4th Cir. 2011).

The court is mindful that plaintiff's complaint was pled on a small claims form, which requires "very little information." See Barbee v. Coble, 208 F.R.D. 549, 552 (M.D.N.C. 2002). However, plaintiff has not sought to amend his complaint or otherwise responded to defendant's motion, despite being specifically warned that failure to respond may lead to dismissal. Dismissal is appropriate under such circumstances. See Grumette v. United States, No. 1:11-CV-37, 2012 WL 3113143, at *1 (M.D.N.C. July 31, 2012), memorandum and recommendation adopted, No. 1:11-CV-37 (M.D.N.C. Aug. 27, 2012).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss is GRANTED. The clerk is directed to close this case.

SO ORDERED, this the 29th day of April, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge